UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MATHEW BIANCHI,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, and ANDREY SMIRNOV,
Individually,

                                        Defendants.
-------------------------------------------------------------------- x

**ANSWER TO
AMENDED
COMPLAINT**

No. 23-CV-04456 (JPO)

            Defendants, by their attorney, Sylvia O. Hinds-Radix, Corporation Counsel of the

City of New York, for their Answer to the Amended  Complaint, respectfully allege as follows:

            1.      Deny the allegations set forth in the unnumbered paragraph on page one of

the Amended Complaint, but admit that Plaintiff purports to proceed as set forth therein.  Deny the

allegations set forth in paragraph "1" of the Amended Complaint except admit that Plaintiff

purports to invoke the jurisdiction of the Court and purports to proceed as set forth therein.

            2.      Deny the allegations set forth in paragraphs "2" of the Amended Complaint,

except admit that Plaintiff purports to state a basis for venue in this Court as set forth therein.

            3.      Deny the allegations set forth in paragraph "3" of the Amended Complaint.

            4.      Deny the allegations set forth in paragraph "4" of the Amended Complaint

except deny knowledge or information sufficient to form a belief as to the truth of the allegations

concerning Plaintiff's residence and admit that Plaintiff is a male citizen of the United States over

21 years of age and that Plaintiff is employed by the City of New York and is assigned to the New

York City Police Department.

            5.      Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "5" of the Amended Complaint.

6.      Deny the allegations set forth in paragraph "6" of the Amended Complaint except admit that the City of New York is a municipal corporation existing and organized under the laws of the State of New York.

7.      Deny the allegations set forth in paragraph "7" of the Amended Complaint except admit that Andrey Smirnov is employed by the City of New York assigned to the New York City Police Department and currently holds the position of Deputy Inspector.

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint except admit that Plaintiff was appointed to the position of Police Officer with the NYPD in July 2015.

9.      Deny the allegations set forth in paragraph "9" of the Amended Complaint except admit that, following his initial training at the Police Academy, Plaintiff was assigned to the 123 Precinct in Staten Island.

10.      Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Plaintiff was initially assigned to Patrol duties upon his assignment to the 123 Precinct located in Staten Island.

11.      Deny the allegations set forth in paragraph "11" of the Amended Complaint except admit that Plaintiff was subsequently assigned to Traffic Safety Officer duties.

12.      Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13.      Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14.      Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.      Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.      Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint except admit that Plaintiff was responsible for performing traffic safety duties when assigned to work as a Traffic Safety Officer.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint except admit that, among other duties, a Traffic Safety Officer may be required to conduct car stops and issue tickets for traffic violations.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that when a police officer conducts a car stop, he or she may ask a driver of a motor vehicle for a driver's license and vehicle registration.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23.     Deny the truth of the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28.      Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Amended Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Amended Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Amended Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43.     To the extent paragraph "43" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Amended Complaint, except admit that IAB has a record of an anonymous complaint filed in August 2019 under IAB log no. 2019-30261.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Amended Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Amended Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Amended Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Amended Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Amended Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Amended Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Amended Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Amended Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Amended Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Amended Complaint.

70.     To the extent paragraph "70" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "70" of the Amended Complaint.

71.     To the extent paragraph "71" sets forth a legal conclusion, no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations set forth in paragraph "71" of the Amended Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Amended Complaint.

74.     To the extent paragraph "74" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "74" of the Amended Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Amended Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Amended Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Amended Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Amended Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Amended Complaint.

85.     To the extent paragraph "85" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "85" of the Amended Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Amended Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Amended Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Amended Complaint, except admit that defendant Smirnov was assigned as the Commanding Officer of the 123 Precinct in September 2020.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Amended Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Amended Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Amended Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Amended Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Amended Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Amended Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Amended Complaint.

100.    To the extent paragraph "100" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "100" of the Amended Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Amended Complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Amended Complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Amended Complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Amended Complaint.

105.    To the extent paragraph "105" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "105" of the Amended Complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Amended Complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Amended Complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Amended Complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Amended Complaint.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Amended Complaint.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Amended Complaint.

112.     To the extent paragraph "112" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "112" of the Amended Complaint.

113.     To the extent paragraph "113" sets forth a legal conclusion, no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations set forth in paragraph "113" of the Amended Complaint.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Amended Complaint.

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Amended Complaint.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Amended Complaint.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Amended Complaint.

118.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Amended Complaint.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Amended Complaint.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Amended Complaint.

121.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Amended Complaint.

122.     To the extent paragraph "122" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "122" of the Amended Complaint.

123.     To the extent paragraph "123" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "123" of the Amended Complaint.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Amended Complaint.

125.     Deny the allegations set forth in paragraph "125" of the Amended Complaint.

126.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Amended Complaint.

127.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Amended Complaint.

128.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Amended Complaint.

129.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Amended Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Amended Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Amended Complaint.

132.    To the extent paragraph "132" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "132" of the Amended Complaint.

133.    To the extent paragraph "133" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "133" of the Amended Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Amended Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Amended Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Amended Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Amended Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Amended Complaint.

140.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Amended Complaint.

141.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Amended Complaint.

142.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Amended Complaint.

143.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Amended Complaint.

144.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Amended Complaint.

145.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Amended Complaint.

146.   To the extent paragraph "146" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "146" of the Amended Complaint.

147.   To the extent paragraph "147" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "147" of the Amended Complaint.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Amended Complaint.

149.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Amended Complaint.

150.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Amended Complaint.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Amended Complaint.

152.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Amended Complaint.

153.     To the extent paragraph "153" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "153" of the Amended Complaint.

154.     To the extent paragraph "154" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "154" of the Amended Complaint.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Amended Complaint.

156.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Amended Complaint.

157.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Amended Complaint.

158.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Amended Complaint.

159.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Amended Complaint.

160.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Amended Complaint.

161.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Amended Complaint.

162.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Amended Complaint.

163.     To the extent paragraph "163" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "163" of the Amended Complaint.

164.     To the extent paragraph "164" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "164" of the Amended Complaint.

165.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Amended Complaint.

166.     Deny the allegations set forth in paragraph "166" of the Amended Complaint, except admit that Plaintiff was eligible to take FMLA leave in 2022.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Amended Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Amended Complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Amended Complaint.

170.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Amended Complaint.

171.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Amended Complaint.

172.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Amended Complaint.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Amended Complaint.

174.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Amended Complaint.

175.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Amended Complaint.

176.     To the extent paragraph "176" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "176" of the Amended Complaint.

177.     To the extent paragraph "177" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "177" of the Amended Complaint.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Amended Complaint.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Amended Complaint.

180.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Amended Complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Amended Complaint, and respectfully refer the Court to the document referred to therein for a complete and accurate statement of its contents.

182.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Amended Complaint.

183.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Amended Complaint.

184.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Amended Complaint.

185.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Amended Complaint.

186.     To the extent paragraph "186" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "186" of the Amended Complaint.

187.     To the extent paragraph "187" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "187" of the Amended Complaint.

188.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Amended Complaint.

189.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Amended Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Amended Complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Amended Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Amended Complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Amended Complaint.

194.    To the extent paragraph "194" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "194" of the Amended Complaint.

195.    To the extent paragraph "195" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "195" of the Amended Complaint.

196.    Deny the allegations set forth in paragraph "196" of the Amended Complaint except admit that Plaintiff issued a summons to Lisa Foriello on August 31 2022 in connection with a traffic stop.

197.    Deny the allegations set forth in paragraph "197" of the Amended Complaint, except admit that on or about September 2, 2022, the Plaintiff was assigned to work patrol.

198.    Deny the allegations set forth in paragraph "198" of the Amended Complaint, except admit that plaintiff was transferred from the day tour to the 04:00 pm to 12:00 am tour, which is the busiest tour and the hardest to fill and deny knowledge or information

sufficient to form a belief regarding the impact that the tour transfer had on Plaintiff's child care arrangements.

199.    Deny the allegations set forth in paragraph "199" of the Amended Complaint.

200.    Deny the allegations set forth in paragraph "200" of the Amended Complaint.

201.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Amended Complaint.

202.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Amended Complaint.

203.    Deny the allegations set forth in paragraph "203" of the Amended Complaint.

204.    Deny the allegations set forth in paragraph "204" of the Amended Complaint.

205.    Deny the allegations set forth in paragraph "205" of the Amended Complaint.

206.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Amended Complaint.

207.    Deny the allegations set forth in paragraph "207" of the Amended Complaint, except admit that on or about September 2, 2022, the Plaintiff was assigned to work patrol.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Amended Complaint.

209.    Deny the allegations set forth in paragraph "209" of the Amended Complaint.

210.    Deny the allegations set forth in paragraph "210" of the Amended Complaint.

211.    Deny the allegations set forth in paragraph "211" of the Amended Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff called Sgt. Liter.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Amended Complaint.

213.    Deny the allegations set forth in paragraph "213" of the Amended Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Amended Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Amended Complaint except admit that Admit Defendant Smirnov informed  Plaintiff that his reassignment to patrol was neither retaliatory nor punitive.

216.    Deny the allegations set forth in paragraph "216" of the Amended Complaint regarding Plaintiff's alleged complaint to the CCRB, except admit that, on or about September 2, 2022, Plaintiff filed a complaint with the NYPD's Internal Affairs Bureau with IAB Log # 2022-20974.

217.    Deny the allegations set forth in paragraph "217" of the Amended Complaint, and respectfully refer the Court to the document referred to for a complete and accurate statement of its contents.

218.    To the extent paragraph "218" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "218" of the Amended Complaint.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the Amended Complaint.

220.    Deny the allegations set forth in paragraph "220 of the Amended Complaint, except admit that Plaintiff filed a complaint with the NYPD's Office of Equal Opportunity in September 2022.

221.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "221" of the Amended Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Amended Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Amended Complaint except admit that Plaintiff has alleged that he has been retaliated against for issuing tickets to some traffic offenders who had Courtesy Cards.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the Amended Complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the Amended Complaint.

226.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "226" of the Amended Complaint.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the Amended Complaint.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Amended Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Amended Complaint.

230.    Deny the allegations set forth in paragraph "230" of the Amended Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Amended Complaint.

232.    Deny the allegations set forth in paragraph "232" of the Amended Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Amended Complaint except admit that plaintiff was transferred from the day tour to the 04:00 pm to 12:00 am tour and changed squads within the 123 Precinct.

234.    Deny the allegations set forth in paragraph "234" of the Amended Complaint.

235.    Deny the allegations set forth in paragraph "235" of the Amended Complaint.

236.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "236" of the Amended Complaint.

237.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "237" of the Amended Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Amended Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Amended Complaint.

240.    To the extent paragraph "240" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "240" of the Amended Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Amended Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Amended Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Amended Complaint.

244.    Deny the allegations set forth in paragraph "244" of the Amended Complaint.

245.    Deny the allegations set forth in paragraph "245" of the Amended Complaint.

246.    Deny the allegations set forth in paragraph "246" of the Amended Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Amended Complaint except admit that Plaintiff is currently assigned to patrol duty.

248.    Deny the allegations set forth in paragraph "248" of the Amended Complaint except admit that Plaintiff is currently assigned to patrol duty.

249.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "249" of the Amended Complaint.

250.    Deny the allegations set forth in paragraph "250" of the Amended Complaint.

251.    Deny the allegations set forth in paragraph "251" of the Amended Complaint.

252.    Deny the allegations set forth in paragraph "252 of the Amended Complaint except admit that NYPD Internal Affairs investigated complaints filed by Plaintiff.

253.    Deny the allegations set forth in paragraph "253" of the Amended Complaint.

254.    Deny the allegations set forth in paragraph "254" of the Amended Complaint except admit, upon information and belief, that Plaintiff applied for or claims to have expressed interest in certain positions within the 123 Precinct.

255.    Deny the allegations set forth in paragraph "255" of the Amended Complaint.

256.    Deny the allegations set forth in paragraph "256 of the Amended Complaint except admit, upon information and belief, that Plaintiff applied for or claims to have expressed interest in certain positions within the 123 Precinct.

257.    Deny the allegations set forth in paragraph "257" of the Amended Complaint.

258.    Deny the allegations set forth in paragraph "258" of the Amended Complaint.

259.    Deny the allegations set forth in paragraph "259" of the Amended Complaint.

260.    Deny the allegations set forth in paragraph "260" of the Amended Complaint.

261.    Deny the allegations set forth in paragraph "261" of the Amended Complaint.

262.    Deny the allegations set forth in paragraph "262" of the Amended Complaint.

263.    Deny the allegations set forth in paragraph "263" of the Amended Complaint, except admit that Police Officer John Diaz was selected to fill the role of Steady Sector Officer A in November 2021 and is currently works a Traffic Safety Officer in the 123 Precinct.

264.    Deny the allegations set forth in paragraph "264" of the Amended Complaint.

265.    Deny the allegations set forth in paragraph "265" of the Amended Complaint.

266.    Deny the allegations set forth in paragraph "266" of the Amended Complaint.

267.    Deny the allegations set forth in paragraph "267" of the Amended Complaint.

268.    Deny the allegations set forth in paragraph "268" of the Amended Complaint except admit that Police Officer John Latanzio was selected for a position as Public Safety Officer within the 123 Precinct in 2023.

269.    Deny the allegations set forth in paragraph "269" of the Amended Complaint.

270.    Deny the allegations set forth in paragraph "270" of the Amended Complaint except admit that Police Officer John Latanzio was selected for a position as Public Safety Officer within the 123 Precinct in 2023.

271.    Deny the allegations set forth in paragraph "271" of the Amended Complaint.

272.    Deny the allegations set forth in paragraph "272" of the Amended Complaint.

273.    Deny the allegations set forth in paragraph "273" of the Amended Complaint, except admit that Police Officer Samantha Simonetti was selected for a Youth Coordinator Officer position within the 123 Precinct on or about February 9, 2023.

274.    Deny the allegations set forth in paragraph "274" of the Amended Complaint.

275.    Deny the allegations set forth in paragraph "275" of the Amended Complaint, except admit that Police Officer Samantha Simonetti was selected for a Youth Coordinator Officer position within the 123 Precinct on or about February 9, 2023.

276.    Deny the allegations set forth in paragraph "276" of the Amended Complaint.

277.    Deny the allegations set forth in paragraph "277" of the Amended Complaint.

278.    Deny the allegations set forth in paragraph "278" of the Amended Complaint except admit, upon information and belief, that Plaintiff applied for or claims to have expressed interest in certain positions within the 123 Precinct.

279.    Deny the allegations set forth in paragraph "279" of the Amended Complaint except admit that Detective Specialist Delacruz was selected for a Neighborhood Coordinator Officer B position within the 123 Precinct.

280.    Deny the allegations set forth in paragraph "280" of the Amended Complaint.

281.    Deny the allegations set forth in paragraph "281" of the Amended Complaint.

282.    Deny the allegations set forth in paragraph "282" of the Amended Complaint.

283.    Deny the allegations set forth in paragraph "283" of the Amended Complaint except admit, upon information and belief, that Plaintiff applied for or claims to have expressed interest in certain positions located outside of the 123 Precinct.

284.    Deny the allegations set forth in paragraph "284" of the Amended Complaint except admit that Plaintiff admit, upon information and belief, that Plaintiff applied for or claims to have expressed interest in certain positions located outside of the 123 Precinct.

285.    Deny the allegations set forth in paragraph "285" of the Amended Complaint.

286.    Deny the allegations set forth in paragraph "286" of the Amended Complaint.

287.    Deny the allegations set forth in paragraph "287" of the Amended Complaint.

288.    Deny the allegations set forth in paragraph "288" of the Amended Complaint.

289.    Deny the allegations set forth in paragraph "289" of the Amended Complaint.

290.    Deny the allegations set forth in paragraph "290" of the Amended Complaint.

291.    Deny the allegations set forth in paragraph "291" of the Amended Complaint.

292.    Deny the allegations set forth in paragraph "292" of the Amended Complaint.

293.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "293" of the Amended Complaint.

294.    Deny the allegations set forth in paragraph "294" of the Amended Complaint.

295.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "295" of the Amended Complaint.

296.    Deny the allegations set forth in paragraph "296" of the Amended Complaint.

297.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "297" of the Amended Complaint.

298.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "298" of the Amended Complaint.

299.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "299" of the Amended Complaint.

300.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "300" of the Amended Complaint.

301.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "301" of the Amended Complaint.

302.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "302" of the Amended Complaint.

303.     Admit the allegations set forth in paragraph "303" of the Amended Complaint.

304.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "304" of the Amended Complaint.

305.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "305" of the Amended Complaint.

306.     Deny the allegations set forth in paragraph "306" of the Amended Complaint except admit that Plaintiff is currently assigned to perform Patrol duties at his command and that his tour of duty is from 04:00 p.m. to 12 a.m.

307.     Deny the allegations set forth in paragraph "307" of the Amended Complaint.

308.     Deny the allegations set forth in paragraph "308" of the Amended Complaint.

309.     Deny the allegations set forth in paragraph "309" of the Amended Complaint.

310.     Deny the allegations set forth in paragraph "310" of the Amended Complaint except admit that Plaintiff is employed by the City of New York.

311.     Deny the allegations set forth in paragraph "311" of the Amended Complaint except admit that Plaintiff is employed by the City of New York.

312.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "312" of the Amended Complaint.

313.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "313" of the Amended Complaint.

314.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "314" of the Amended Complaint.

315.     To the extent paragraph "315" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "315" of the Amended Complaint.

316.     Deny the allegations set forth in paragraph "316" of the Amended Complaint.

317.     Deny the allegations set forth in paragraph "317" of the Amended Complaint.

318.     Deny the allegations set forth in paragraph "318" of the Amended Complaint.

319.     In response to paragraph "319" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "318" of the Amended Complaint as if though fully set forth herein.

320.     To the extent paragraph "320" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "320" of the Amended Complaint.

321.    Defendants deny the allegations set forth in paragraph "321" of the Amended Complaint, and respectfully refer the Court to the constitutional and statutory authority referred to therein for a complete and accurate statement of their contents.

322.    To the extent paragraph "322" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "322" of the Amended Complaint.

323.    To the extent paragraph "323" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "323" of the Amended Complaint.

324.    To the extent paragraph "324" sets forth a legal conclusion, no responsive pleading is required.  To the extent an answer is required, Defendants deny the allegations set forth in paragraph "324" of the Amended Complaint.

325.    In response to paragraph "325" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "324" of the Amended Complaint as if though fully set forth herein.

326.    Deny the allegations set forth in paragraph "326" of the Amended Complaint.

327.    Deny the allegations set forth in paragraph "327" of the Amended Complaint.

328.    Deny the allegations set forth in paragraph "328" of the Amended Complaint.

329.    Deny the allegations set forth in paragraph "329" of the Amended Complaint.

330.     Deny the allegations set forth in paragraph "330" of the Amended Complaint.

331.     Deny the allegations set forth in paragraph "331" of the Amended Complaint.

332.     Deny the allegations set forth in paragraph "332" of the Amended Complaint.

333.     Deny the allegations set forth in paragraph "333" of the Amended Complaint.

334.     Deny the allegations set forth in paragraph "334" of the Amended Complaint.

335.     Deny the allegations set forth in paragraph "335" of the Amended Complaint.

336.     Deny the allegations set forth in paragraph "336" of the Amended Complaint.

337.     Deny the allegations set forth in paragraph "337" of the Amended Complaint.

338.     Deny the allegations set forth in paragraph "338" of the Amended Complaint.

339.     In response to paragraph "339" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "338" of the Amended Complaint as if though fully set forth herein.

340.    Deny the allegations set forth in paragraph "340" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

341.    To the extent paragraph "341" sets forth a legal conclusion, no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations set forth in paragraph "341" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

342.    Deny the allegations set forth in paragraph "342" of the Amended Complaint.

343.    Deny the allegations set forth in paragraph "343" of the Amended Complaint.

344.    Deny the allegations set forth in paragraph "344" of the Amended Complaint.

345.    Deny the allegations set forth in paragraph "345" of the Amended Complaint.

346.    Deny the allegations set forth in paragraph "346" of the Amended Complaint.

347.    In response to paragraph "347" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "346" of the Amended Complaint as if though fully set forth herein.

348.    Deny the allegations set forth in paragraph "348" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

349.    To the extent paragraph "349" sets forth a legal conclusion, no responsive pleading is required. To the extent an answer is required, Defendants deny the allegations set forth in paragraph "349" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

350.    Deny the allegations set forth in paragraph "350" of the Amended Complaint.

351.    Deny the allegations set forth in paragraph "351" of the Amended Complaint.

352.    Deny the allegations set forth in paragraph "352" of the Amended Complaint.

353.    Deny the allegations set forth in paragraph "353" of the Amended Complaint.

354.    Deny the allegations set forth in paragraph "354" of the Amended Complaint.

355.    Deny the allegations set forth in paragraph "355" of the Amended Complaint.

356.    Deny the allegations set forth in paragraph "356" of the Amended Complaint.

357.    Deny the allegations set forth in paragraph "357" of the Amended Complaint.

358.    Deny the allegations set forth in paragraph "358" of the Amended Complaint.

359.   In response to paragraph "359" of the Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "358" of the Amended Complaint as if though fully set forth herein.

360.   Deny the allegations set forth in paragraph "360" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

361.   Deny the allegations set forth in paragraph "361" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

362.   Deny the allegations set forth in paragraph "362" of the Amended Complaint.

363.   Deny the allegations set forth in paragraph "363" of the Amended Complaint, and respectfully refer the Court to the statutory authority referred to therein for a complete and accurate statement of its contents.

364.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "364" of the Amended Complaint.

365.   Deny the allegations set forth in paragraph "365" of the Amended Complaint.

366.   Deny the allegations set forth in paragraph "366" of the Amended Complaint.

367.   Paragraph "367" of the Amended Complaint asserts a jury demand for which no response is required.

## FOR A FIRST DEFENSE

368.    The Amended Complaint fails to state any claim upon which relief may be granted in whole or in part.

## FOR A SECOND DEFENSE

369.    The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## FOR A THIRD DEFENSE

370.    The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

## FOR A FOURTH DEFENSE

371.    Even assuming that Plaintiff engaged in speech protected by the First Amendment, and that such speech was a substantial or motivating factor in their employment decisions, Defendants are not liable because they would have made the same decision in the absence of such speech.

## FOR A FIFTH DEFENSE:

372.    Plaintiff has failed to comply with applicable notice of claim requirements with respect to his claim under Civil Service Law § 75-b.

## FOR A SIXTH DEFENSE:

373.    Upon information and belief and subject to discovery, Plaintiff's claims for front and/or back pay are barred, in whole or in part, by his failure to mitigate damages.

## FOR A SEVENTH DEFENSE:

374.    Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by Plaintiff.

## FOR AN EIGHTH DEFENSE:

375.   The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## FOR A NINTH DEFENSE

376.   Defendant City established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices by employees, and had a record of no, or relatively few, prior incidents of discriminatory or retaliatory conduct by such employees.

**WHEREFORE,** Defendants request judgment dismissing the Amended Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            December 1, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 2-144~
New York, New York 10007
(212) 356-2432
danglade@law.nyc.gov

By:      */s/ Dominique Anglade*
            Dominique Anglade
            Assistant Corporation Counsel

To:    John A. Scola (By ECF)
        Law Office of John A. Scola, PLLC
        Attorneys for Plaintiff
        90 Broad Street, Suite 1023
        New York, New York 10004
        (917) 423-1445
        jscola@johnscolalaw.com

Docket No.  23-CV-04456 (JPO)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATHEW BIANCHI,

Plaintiff,

-against-

THE CITY OF NEW YORK, and ANDREY SMIRNOV,
Individually,

Defendants.

## ANSWER TO AMENDED COMPLAINT

### *HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Rm. 2-144*
*New York, N.Y. 10007*

*Of Counsel:  Dominique Anglade*
*Tel:  (212) 256-2432*
*Matter #:  2023-057951*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................................., 2023*

*.........................................................................., Esq.*

*Attorney for...................................................................*